Alvarez, Recurrente, v. El Registrador de Caguas, Recurrido.

Recurso gubernativo contra notas del Registrador de la Propiedad de Caguas negándose a inscribir una escritura de disolución de sociedad mercantil y otra de venta judicial.

No. 577.—Resuelto en marzo 3, 1924.  ·

Escrituras Públicas—Capacidad de los Otorgantes—Defecto Subsanable.— De la escritura que se trata de inscribir o de los documentos acompañados a la misma, debe surgir la capacidad de los contratantes. Cuando no surge debe hacerlo así constar el registrador, pudiendo calificar el defecto de subsanable o insubsanable, de acuerdo con las circunstancias que en cada caso concurran.

Sucesión—Adjudicación de Bienes.—La sucesión como persona jurídica no existe en nuestro derecho. No es una entidad legal independiente de los herederos. Siendo ello así, no pueden adjudicarse bienes a una sucesión sin expresar los nombres de los herederos que la componen.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. F. Socorro.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Se apela de dos negativas del registrador de la propiedad de Caguas, una a inscribir la escritura No. 46 de disolución de sociedad mercantil y otros extremos otorgada ante el notario Cruzado Silva el 12 de julio de 1922, en cuanto a dos casas situadas en Caguas adjudicadas a los herederos de uno de los socios de la disuelta sociedad, y otra a registrar la venta judicial de dichas dos casas constante en escritura No. 26 otorgada en 19 de julio de 1923 ante el notario Tous Soto. La segunda calificación depende enteramente de la primera.

La negativa a inscribir la escritura de 12 de julio se basó 1º. en no haberse acreditado el carácter con que en ella comparecieron Florentino Miranda y Herminio Madera, y 2º., en no acompañarse testamento ni declaratoria de herederos del socio fallecido Manuel Alvarez, "únicos documentos suficientes para acreditar que Olive Fischer, Olive Francesca y Olga Alvarez sean las únicas personas que componen la sucesión de Manuel Alvarez Rivera, la primera como esposa y las segundas como hijas."

Argumentando el primer punto sostiene el registrador que del texto de la escritura no puede saberse "si el Florentino Miranda que comparece es el albacea testamentario del fallecido Manuel Alvarez Rivera ni .... si el Herminio Miranda que concurre .... es el socio de Alonso Riera y Compañía."

Es cierto que leyendo la escritura totalmente se deduce que el Madera que comparece es el socio de Alvarez y el Miranda su albacea, pero en parte alguna de ella se transcriben los documentos o lo pertinente de los mismos en que conste originalmente su personalidad.

Examinemos el segundo motivo de la nota. Las dos casas de Caguas de que se trata figuran inscritas en el regis-

tro de la propiedad a favor de la mercantil Alonso Riera y Compañía y en la escritura se adjudican al "socio Sucesión de don Manuel Alvarez." Se sostiene por el recurrente que la sentencia de la corte de distrito que se inserta en la escritura es suficiente para demostrar que la Sucesión de Manuel Alvarez está formada por su viuda Olive Fischer y por sus hijas Olive Francesca y Olga Alvarez. Dicha sentencia en lo pertinente dice:

"En la Corte de Distrito del Distrito Judicial de San Juan, P. R. Primer Distrito.—Henry C. Fischer, Florentino Miranda, como albaceas testamentarios del finado Manuel Alvarez Rivera, doña Olive Fischer por sí y como madre con patria potestad de sus hijas Olive Francesca y Olga Alvarez.—Demandantes.—vs. Hermino Madera Rivera.—Demandado.—No. 180.—Sobre Disolución de Sociedad y otros extremos.—Sentencia.—Vista la estipulación de las partes en el caso arriba expresado, por virtud de la cual hacen constar que han llegado a un acuerdo en las diferencias, que motivaron el presente litigio, la corte dicta sentencia en virtud de dicha estipulación en la forma siguiente:—(1) El contrato privado de ocho de junio de 1921 otorgado entre don Manuel Alvarez y don Herminio Madera y el cual aparece copiado en la demanda, queda por la presente anulado.—(2) La escritura pública otorgada en 16 de junio de 1921 ante el Notario de San Juan don Miguel García González por virtud de la cual don Manuel Alvarez vendió a Alonso Riera & Co. su participación, derechos y acciones en dicha sociedad por el precio de $125,000 queda también anulada.—(3) Alonso Riera & Co. venderá todo su activo y pasivo a Alonso Riera & Co. Inc. * * * (4) Simultáneamente con esta escritura de venta se procederá a la disolución de la firma Alonso Riera & Co. y sus socios don Herminio Madera recibirá como pago de su participación en la sociedad las acciones de la corporación Alonso Riera & Co. Inc. que hubieran sido pagadas como parte del precio de la venta y la Sucesión de don Manuel Alvarez deberá recibir como la participación de don Manuel Alvarez, el otro socio, la propiedad de las casas del Condado y de Caguas haciéndose cargo de sus gravámenes y la hipoteca por $65,000 constituída sobre el 'Tobacco Palace' debiendo ser la participación de la Sucesión Alvarez al disolverse Alonso Riera & Co. la

dicha cantidad de $65,000 garantizado por dicha hipoteca y las tres casas de referencia.''

En todo el cuerpo de la sentencia sólo se habla de la Sucesión de Manuel Alvarez. Es del título que algo podría deducirse sobre las personas que componen dicha sucesión, que ''como persona jurídica no existe en nuestro derecho . . . . No es una entidad legal independiente de los herederos. Estos son los que la determinan, y son los que deben aparecer como demandantes o demandos.'' *Arvelo et al. v. Banco Territorial y Agrícola de Puerto Rico*, 25 D. P. R. 736.

No consta que se presentara prueba. El fallo se pronunció bajo la base de una estipulación y el juez aceptó lo convenido por ambas partes y le dió su sanción.

Resta considerar qué efectos tiene la copia de una resolución dictada por la Corte de Distrito de San Juan autorizando a Florentino Miranda como albacea testamentario a vender en subasta pública las fincas de que se trata pertenecientes a la Sucesión del finado Manuel Alvarez ''en cuya sucesión hay dos menores, a saber: Olive Francesca y Olga Alvarez Fischer,'' presentada también en el registro. Ese documento demuestra que Florentino Miranda fué tenido como albacea de Manuel Alvarez, y los menores Alvarez Fischer como dueños de las casas de que se trata, pero aún así creemos que el registrador, llamado a velar por la seguridad en la trasmisión de bienes inmuebles en esta Isla, estaba autorizado para exigir que Madera y Miranda justificaran con los documentos apropiados la personalidad con que comparecieron en la escritura de 12 de julio, y para requerir la presentación del testamento, o la declaratoria de herederos, o la sentencia dictada en algún pleito, agregamos nosotros, en que se hubiera resuelto la cuestión. *Soriano et al. v. Rexach et al.*, 23 D. P. R. 573.

Ahora bien, ¿se trata de defectos subsanables o insubsanables? Es este un caso en que, como hemos dicho en

varias ocasiones, la calificación del defecto es difícil, y puede llegarse a una u otra conclusión. Atendidas las circunstancias concurrentes, nos inclinamos a decidir que la calificación debió ser de defecto subsanable. La anotación del defecto sería bastante para llamar la atención de los futuros contratantes y no interrumpiría el registro de transacciones ya consumadas aparentemente realizadas de acuerdo con la ley.

Como dijimos al principio, la negativa a inscribir la otra escritura de 19 de julio depende enteramente de lo resuelto en cuanto a la de 12 de julio. Inscrita ésta, las fincas quedarán registradas a favor de las personas que aparecen como vendedores en la de 19 de julio, y, de acuerdo con la ley y la práctica, podrá registrarse sin dificultad.

Deben, pues, revocarse ambas notas, verificándose la inscripción anotando los defectos apuntados como subsanables.

*Revocadas las notas recurridas.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.